Milord A. Keshishian, SBN 197835
milord@milordlaw.com
Kirstin A. Jensvold-Rumage, SBN 345916
kirstin@milordlaw.com
MILORD LAW GROUP, P.C.
333 S. Hope Street, Suite 4025
Los Angeles, California 90071
Tel: (310) 226-7878

Attorneys for Plaintiff Dahdoul Textiles, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAHDOUL TEXTILES, INC., a California corporation;<br><br>           Plaintiff,<br><br>      v.<br><br>99 CENTS ONLY STORES, LLC, a California limited liability company; MOMENTUM BRANDS, INC., a California corporation; and DOES 1-10;<br><br>           Defendants. | CASE NO.:  2:23-cv-10738<br><br>COMPLAINT FOR DAMAGES:<br><br>1. Unfair Competition/False Designation Of Origin 15 U.S.C. § 1125(A)<br>2. Unfair Competition And Passing Off Under California Common Law<br>3. Common Law Trademark Infringement<br>4. Unfair Competition, Cal.  Bus. & Prof. Code § 17200<br><br>JURY TRIAL DEMANDED |

Plaintiff Dahdoul Textiles, Inc. ("Dahdoul") sues defendants 99 Cents Only Stores, LLC ("99 Cents"), Momentum Brands, Inc. ("Momentum"), and DOES 1-10; (collectively referred to herein as "Defendants") and alleges:

## INTRODUCTION

1.     This is an action to enforce Dahdoul's intellectual property rights and to stop Defendants' knowing, willful, and intentional scheme to trade on Dahdoul's various common law trademarks and goodwill.  Dahdoul has senior rights in a variety of common law trademarks dating back over 24-years, including rights in the word marks "Dahdoul

Textiles" and "Dahdoul," and the "D" design mark (collectively the "Dahdoul Marks").

2. Yet, despite Defendants' irrefutable knowledge of Dahdoul's superior rights in the Dahdoul Marks, Defendants copied the exact same Dahdoul Marks to intentionally and willfully infringe by selling the exact same product, which results in not only a likelihood of confusion but in at least one instance of actual confusion. Below is a side by side comparison of Dahdoul's authentic Pillow and Defendants' fraudulently produced knock-off pillow sold at Defendant 99 Cents retail store:

| Dahdoul's Pillow | Defendants' Fraudulent Pillow |
|---|---|
|  |  |

3. More egregiously, Defendants' fraudulently attempt to pass off their product as Dahdoul's by not only using infringing trademarks, but by also copying Dahdoul's RN and UPC numbers and the yellow font on black background packaging, causing irreparable harm to Dahdoul's business. Dahdoul turns to the Court to protect its rights and business and to prevent Defendants' illicit conduct, including through a temporary restraining order and preliminary and permanent injunctions.

## JURISDICTION

4. These causes of action arise under the provisions of the Lanham Act (15 U.S.C. §§ 1051-1127) and California law. This Court has subject matter jurisdiction

pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1125.  This Court has subject matter jurisdiction over the state causes of action under 28 U.S.C. § 1367(a) because they are so related to claims within the original jurisdiction of this Court under the trademark and unfair competition laws of the United States that they form part of the same case or controversy.

    5.    Specifically, at all relevant times, Defendants have:

    (a)    registered and maintained entity registration documents with the California Secretary of State to conduct business in California;

    (b)    established a physical presence in City of Commerce, California, including offices, warehouses, officers and employees in this District, and Defendants have formed contracts in California to manufacture, advertise, promote, sell, and distribute infringing products;

    (c)    operated fully interactive retail e-commerce websites and storefronts that solicit and engage in regular business in California and this District, deriving a substantial volume—in dollars and units—and percentage of their business and revenue from sales to California and this District; and

    (d)    placed their products in the stream of commerce and exploited the benefits of the California market because they actively conducted transactions with California customers, accepted payments from those customers, and imported and shipped infringing products into California and this District.

    6.    Venue in this judicial district is proper under 28 U.S.C. §1391(b) and (c) because Defendants have physical presence, including offices, warehouses, officers, and employees, in this District, and the events giving rise to this action occurred in this district, namely the Defendants have, among other acts, marketed and sold in this district products and/or provided services using a mark confusingly similar to the Dahdoul Marks and because the Defendants' actions have resulted in acts of trademark infringement and

unfair competition in the State of California and in this District.

## THE PARTIES

7. Plaintiff Dahdoul is a corporation organized and existing under the laws of the State of California, with a place of business in this District since December 31, 1998. Since at least January of 1999, Dahdoul has sold textile-related products, amongst other goods, under the Dahdoul Marks.

8. Defendant 99 Cents is a California limited liability company with a business address of 4000 E. Union Pacific Avenue, City of Commerce, California 90023.

9. Defendant Momentum is a California corporation with a business address of 4000 E. Union Pacific Avenue, City of Commerce, California 90023.

10. Dahdoul is unaware of the true names and capacities of Defendants' related entities. Dahdoul will ask leave of Court to amend this Complaint to state the true names and capacities of Defendants' related entities when the same are ascertained. Dahdoul is informed and believes, and based thereon alleges that each of Defendants' related entities are responsible in some manner for the occurrences herein alleged, and that Dahdoul's damages, as herein alleged, were proximately caused by their conduct.

11. Dahdoul is unaware of the true names and capacities of DOES 1 through 10, inclusive, and therefore sues said Defendants by such fictitious names. Dahdoul will ask leave of Court to amend this Complaint to state the true names and capacities of the Defendants sued as DOES when the same are ascertained. Dahdoul is informed and believes, and based thereon alleges that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Dahdoul's damages, as herein alleged, were proximately caused by their conduct.

12. Dahdoul is informed and believes, and on that basis alleges, that at all times relevant to this action, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or

employment, and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged herein with full knowledge of each and every violation of Dahdoul's rights and the damages to Dahdoul proximately caused thereby.

## FACTUAL BACKGROUND

13. Long before Defendants began using the infringing marks, Dahdoul began using the Dahdoul Marks on textile products starting in January 1999. Dahdoul markets and sells textile products through its online and physical retail store located at 7200 Bandini Blvd, Commerce, CA 90040.

14. While the Dahdoul word marks and company name began as a rare surname, the Dahdoul word marks have since acquired secondary meaning as a result of Dahdoul's exclusive use of the Dahdoul word marks for over 24 years on home goods products, including pillows, as well as through enormous amounts of time, money, and effort spent on advertising and promoting Dahdoul's products on which the Dahdoul word marks appear, including inherently distinctive labeling and the inherently distinctive "D" design mark.

15. Dahdoul's "D" design mark was registered with the United States Patent and Trademark Office ("USPTO") in International Class 035 for "Wholesale and retail store services featuring home décor, clothing, shoes, blankets, rugs and perfumes" on August 23, 2011 as U.S. Reg. No. 4015492. Exhibit E is a copy of the Registration Certificate. The USPTO's registration of the "D" design mark indicates the "D" design mark is inherently distinctive. Dahdoul's "D" design mark has since expired on March 30, 2018, as Dahdoul was unaware of the maintenance fees required to maintain the registration.

16. Dahdoul's retail location can be seen from the 5 freeway and its Dahdoul Marks on the building are viewable by over 125,000 daily commuters. Dahdoul's building location is just over four miles away from Defendant 99 Cents' principal place of business at 4000 E. Union Pacific Ave, Commerce, CA 90023. Because of the proximity between the parties' locations, Defendants' employees and agents are aware of

the Dahdoul Marks and their origins as they commute to/from work passing Dahdoul's building and encountering the Dahdoul Marks. Defendants are also aware of the Dahdoul Marks as they have previously conducted business with Dahdoul.

17. The product at issue is Dahdoul's Bamboo Memory Foam Pillow ("the Pillow"). As shown in Exhibit A, Dahdoul markets and sells the Pillow on its online retail space, through its physical store, and through wholesale distribution to numerous retailers.

18. The Pillow bears the Dahdoul Marks and has distinct characteristics that associate the Pillow with Dahdoul, including Dahdoul's UPC and RN numbers.

19. Furthermore, the Pillow packaging is a cylindrical carry bag with two transparent windows on either end of the carry bag. Central to the carry bag is a solid piece of black fabric with the Dahdoul Marks printed thereon in gold font. Both ends of the cylindrical carry bag are enclosed with circular black fabric each bearing the Dahdoul Marks again in gold font.

**DEFENDANTS' MISCONDUCT**

20. Defendants, with full knowledge of Dahdoul's use of the senior Dahdoul Marks and goodwill in the industry, have knocked-off and continue to sell an inferior identical bamboo pillow in Defendant 99 Cents' retail stores, as shown in Exhibit B. Starting on December 11, 2023, Dahdoul wrote to Defendants and requested the source of the infringing products, but Defendants have ignored Dahdoul's numerous inquiries.

21. Defendants have gone as far as replicating the Dahdoul packaging, including the fraudulent use of the Dahdoul Marks in gold lettering on the exterior of the cylindrical carry bag with two transparent windows along with the same coloring as described above.

22. Defendants produced a memory foam pillow with inferior materials to pass off—at an extremely low sales price—the inauthentic and infringing product as a genuine Dahdoul Pillow.

23. Attached to Defendants' carry bag is a price tag, as shown in Exhibit C, wherein the price tag notes that Defendant Momentum Brands imported the Defendants' fraudulently produced pillow. The copying is so brazen that Defendants even copied Dahdoul's RN number issued by the Federal Trade Commission.

24. As shown in Exhibit C, Defendants' fraudulently produced pillows are sold at Defendant 99 Cents' retail locations. Further, Defendants' use of inferior materials allows Defendants to sell the knockoff pillows at a retail price, as shown in Exhibit D, far below Dahdoul's retail and wholesale prices.

25. Defendants do not have, nor have they ever had, the right or authority to use the Dahdoul Marks or any confusingly similar marks.

26. Dahdoul has inspected Defendants' knockoff pillows and packaging and determined them to be inauthentic and infringing.

27. Defendants' fraudulent use of the Dahdoul Marks identified in the infringing activities above, including using exactly the same font, color, and design elements and packaging—and even the RN number—is likely to cause confusion, deception and mistake in the minds of consumers, the public, and the trade before, during, and after the time of purchase, and has resulted in instances of actual confusion. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Dahdoul's legal and genuine goods and Defendants' infringing goods. Indeed, Defendants' misconduct has resulted in at least one instance of actual confusion.

28. Defendants' improper activities, as described above, have been willful and deliberate, thereby making this an exceptional case under the Lanham Act.

29. Dahdoul is suffering irreparable injury and has suffered substantial damages as a direct and proximate result of Defendants' infringing activities and unfair competition, including but not limited to loss of sales and profits to Defendants, which Dahdoul would have made but for Defendants' misconduct.

30. Dahdoul has no adequate remedy at law and is and will be irreparably

harmed unless Defendants' conduct is preliminarily and/or permanently enjoined.

**FIRST CAUSE OF ACTION**
Unfair Competition/False Designation of Origin, 15 U.S.C. § 1125(a)
(Against All Defendants)

31. Dahdoul repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

32. The aforesaid acts of Defendants are likely to cause confusion, mistake, or deception among purchasers, potential purchasers of products, and authorities monitoring such products bearing the infringing Dahdoul Marks as to the source and/or origin of the goods sold by Defendants because purchasers are likely to believe that Defendants' goods originate from, or are in some way properly connected with, approved, sponsored, or endorsed by Dahdoul under its Dahdoul Marks, and have resulted in at least one instance of actual confusion.

33. The confusion, mistake, or deception referred to herein arises out of the aforesaid acts of Defendants, which constitute false designation of origin and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1125(a).

34. Upon information and belief, the aforesaid acts were undertaken willfully and with the intention of causing confusion, mistake or deception, or to free-ride on Dahdoul's well-known brand, excellent reputations, and established goodwill.

35. As a proximate result of the acts of Defendants, as alleged herein, Dahdoul has suffered, is suffering and will continue to suffer irreparable damage and, unless said Defendants are restrained from continuing these wrongful acts, the damage to Dahdoul will increase.

**SECOND CAUSE OF ACTION**
Unfair Competition And Passing Off
(California Common Law)

36. Dahdoul repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

37. Defendants' use of the infringing Dahdoul Marks constitutes unfair competition, false designation of origin, false or misleading description or representation of fact, and passing off, which is likely to deceive customers and prospective customers into believing that Defendants' retail services.

38. Defendants intentionally adopted and used the infringing Dahdoul Marks to create consumer confusion and traffic off Dahdoul's reputation and goodwill associated with the Dahdoul Marks.

39. Defendants are passing off their infringing knockoff goods as being authentic Dahdoul-branded goods.

40. Dahdoul has no control over the quality of the goods or services marketed and/or sold by Defendants. Because of the likelihood of confusion as to the source of Defendants' goods and/or services, or as to whether Defendants' goods and/or services are sponsored or endorsed by, or affiliated with, Dahdoul, in view of Defendants' blatant use of the Dahdoul Marks with the sale of goods in Defendant 99 Cents retail, Dahdoul's valuable goodwill in the Dahdoul Marks is at the mercy of, and being irreparably harmed by, Defendants.

41. Defendants' aforesaid acts have caused and, unless such acts are restrained by this Court, will continue to cause substantial and irreparable injury to Dahdoul. Among other things, Defendants' actions have caused and are continuing to cause monetary harm (through lost sales) as well as harm to Dahdoul's brand, goodwill, and reputation.

42. Defendants' conduct in this cause of action is willful, wanton, malicious, oppressive, and in conscious disregard of Dahdoul's rights in its Dahdoul Marks, justifying the imposition of punitive and exemplary damages under California Civil Code § 3294.

43. Dahdoul has no adequate remedy at law.

//
//

## THIRD CAUSE OF ACTION
Common Law Trademark Infringement
(Against All Defendants)

44. Dahdoul repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

45. By reason of the Defendants' actions alleged herein, Dahdoul has suffered, and will continue to suffer, irreparable injury to its rights and suffer substantial loss of goodwill, reputation, and in the value of the Dahdoul Marks, unless and until the Defendants are enjoined from continuing their wrongful acts.

46. By reason of the Defendants' actions alleged herein, Dahdoul has been damaged in an amount not presently ascertained, and such damage will continue and increase unless and until the Defendants are enjoined from continuing their wrongful acts.

47. Defendants' conduct in this cause of action is willful, wanton, malicious, oppressive, and in conscious disregard of Dahdoul's rights in its Dahdoul Marks, justifying the imposition of punitive and exemplary damages under California Civil Code § 3294.

## FOURTH CAUSE OF ACTION
Unfair Competition, Cal. Bus. & Prof. Code § 17200
(Against All Defendants)

48. Dahdoul repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein. Defendants' acts described above, including its infringement, constitute unfair competition in violation of California Business and Professional Code §17200 *et seq.,* as they are likely to deceive and confuse the public.

49. Defendants' acts of unfair competition have caused and will continue to cause Dahdoul irreparable harm. Dahdoul has no adequate remedy at law for Defendants' unfair competition.

50. Dahdoul is entitled to, *inter alia*, a judgment enjoining and restraining Defendants from engaging in further unfair competition.

## PRAYER FOR RELIEF

WHEREFORE Dahdoul prays for judgment against Defendants, and each of them, as follows:

A. That Defendants, their agents, servants, employees, representatives, successors, and assigns, and all persons, firms, corporations, or other entities in active concert or participation with any of them, be preliminarily and permanently enjoined from:

1) using the infringing Dahdoul Marks, as well as any other colorable imitation of the Dahdoul Marks, including the Dahdoul word marks and "D" design marks that are likely to cause confusion, mistake, or deception or to impair the distinctiveness of the Dahdoul Marks;

2) using Dahdoul's trade names, trademarks, or service marks, or any version or colorable imitation thereof, in connection with the description, marketing, promotion, advertising, or sale of products or services not associated with or approved by Dahdoul;

3) unfairly competing with Dahdoul in any manner; and

4) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs 1) through 3) above.

B. For an order finding that, by the acts complained of herein, Defendants have engaged in unfair competition/false designation of origin, unfair competition and passing off, common law trademark infringement, unfair competition under California Business and Professional Code, and that such conduct has been willful;

C. For an order that Defendants supply to Dahdoul or its attorneys a complete list of persons and entities from whom or which Defendants purchased and to whom they

distributed and sold products in connection with the unauthorized simulation of the Dahdoul Marks;

     D.    For an order that Defendants deliver immediately to Dahdoul for destruction any and all pillows or products that bear the unauthorized simulation of the Dahdoul Marks;

     E.    For an order awarding, at Dahdoul's election, statutory and/or actual damages, in an amount to be fixed by the Court in accordance with proof, including punitive and exemplary damages as appropriate, as well as all of Defendants' profits or gains of any kind resulting from each cause of action, and further for an order awarding treble damages, pursuant to 15 U.S.C. § 1117(b) or any other applicable statute, because the acts of infringement were willful and wanton;

     F.    For an order finding that an award of pre and post judgment interest is necessary to fully compensate Dahdoul for the damage it has sustained;

     G.    For an order awarding Dahdoul relief based on Cal. Civ. Code § 3294, including punitive and enhanced damages in an amount as the Court may determine for malicious, willful, intentional, deliberate and tortious conduct of Defendants;

     H.    For an order awarding Dahdoul all of its costs, including its attorneys' fees incurred in prosecuting this action;

     I.    Awarding Dahdoul recovery for any unjust enrichment of Defendants; and,

     J.    For an order awarding Dahdoul such other and further relief as the Court may deem just and proper.

Dated:  December 22, 2023          Respectfully submitted,

**MILORD LAW GROUP, P.C.**

<u>/s/ Milord A. Keshishian</u>
Milord A. Keshishian
Attorneys for Plaintiff
Dahdoul Textiles, Inc.

## **DEMAND FOR JURY TRIAL**

Plaintiff, through its attorneys of record, hereby demands trial by Jury.

Dated:  December 22, 2023        Respectfully submitted,

**MILORD LAW GROUP, P.C.**

/s/ Milord A. Keshishian
Milord A. Keshishian
Attorneys for Plaintiff
Dahdoul Textiles, Inc.